MURDOCK, Justice
(dissenting).
As the main opinion explains, the following exchange occurred between the trial court and Jamie Gaddy’s counsel following the trial court’s ruling, over Gaddy’s strenuous objection, granting the motion in li-mine filed by the defendant, Lisa Arleen Brascho:
“THE COURT: Well, all right. Based on the fact that I have now granted that motion in limine, does the plaintiff wish to go forward?
“[Gaddy’s trial counsel]: Your Honor, I do not believe so.
“THE COURT: All right. There being no objection by the defendant, we will show that this case is dismissed, and if you want to appeal, you certainly may do so.
“[Gaddy’s trial counsel]: Okay.”
I read the comments of the trial court and Gaddy’s counsel as simply an admirably candid admission that, without the involuntarily excluded evidence, the plaintiff would not be able to present substantial evidence in support of her claims if the trial court were to allow the case to go forward. It is the type of admission that, in the interest of judicial economy and honesty to the court, this Court should encourage. Given that the dismissal of Gaddy’s claim was the logically and legally required consequence of this admission, which itself was merely an honest response to a involuntary and vigorously contested *998 order in limine, the dismissal in this case cannot in any practical sense be construed as voluntary on the part of Gaddy.
I do not believe this Court is accurately reading from the transcript the practical sense intended by the informal exchange of both the trial court and Gaddy’s counsel. Indeed, the above-quoted colloquy concludes with the trial court’s own observation that, if Gaddy’s counsel wished to do so, he certainly could appeal from the trial court’s judgment. With this statement, the trial court itself evinced its own understanding that the dismissal it was ordering was by no means intended as a voluntary one by Gaddy and that it did not take its previous question or counsel’s answer to it as suggesting otherwise.
I believe Gaddy hereby is deprived of appellate review of the trial court’s decision regarding the exclusion of certain evidence, a review to which she is entitled. I therefore respectfully must dissent. In so doing, I express no view as to the merits of Gaddy’s position on the substantive issue of the admissibility of the excluded evidence.